**AI YUE LIU, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting Attorney General, Respondent.**

No. 05–6448–ag.

United States Court of Appeals, Second Circuit.

Sept. 28, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

G. Victoria Calle, New York, NY, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Sharon J. Johnson, Assistant United States Attorney, Hammond, IN, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Yue Liu, a native and citizen of the People's Republic of China, seeks review of the November 1, 2005 order of the BIA denying her motion to reopen. *In re Ai–Yue Liu,* No. A73 488 552 (B.I.A. Nov. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Based on the evidence presented, the BIA did not abuse its discretion in denying Liu's motion to reopen. A motion to reopen removal proceedings must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The BIA issued its final order in November 1995; so it is undisputed that Liu's September 2005 motion was untimely. However, Liu argued that the birth of her two children in the United States constituted "new circumstances" providing an exception to the timeliness requirement. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably rejected this argument.

The 90 day filing deadline for motions to reopen does not apply where the motion is "based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* Such changes are regularly referred to as "changed country conditions," as distinguished from "changed personal circumstances." *See Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003). Changes in an individual's personal circumstances do not constitute changed country conditions that might mitigate the time and number

limitations set forth in the INA and applicable regulations. *See id.*; *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). Moreover, the evidence Liu presented in support of her motion—including documents prepared by John Shields Aird—did not, without more, show changed circumstances in China with respect to the family planning policy. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274–76 (2d Cir.2006) (finding that the Aird affidavit was insufficient to establish the existence of a policy of forced sterilization in China and noting that the State Department Country Report finds no official policy of forced sterilization). Accordingly, to the extent that the BIA denied Liu's motion because it was based on a change in personal circumstances, it did not abuse its discretion.

In *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), we identified documents suggesting that sterilization may be required for individuals in Fujian Province with two children, regardless of whether the children are born in China or abroad. However, we decline to remand for consideration of those documents, over the government's opposition, when Liu did not submit comparable evidence to the BIA. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).